STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK D. FULLERTON,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0980** (BOR Appeal No. 2046732)
                    (Claim No. 2010128921)

**BAYER CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank D. Fullerton, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bayer Corporation, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 27, 2012, in which the Board affirmed a December 7, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 16, 2010, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fullerton worked as a plant worker and a maintenance worker for Bayer Corporation for over forty years. His job duties often required him to be in contact with a variety of chemicals including toluene diisocyanate (TDI). If he was ever required to come in contact with TDI, he would wear a respirator with an external carbon filter. Mr. Fullerton never required any medical care for exposure to TDI and never had any immediate symptoms in the presence of TDI. Nevertheless, while Mr. Fullerton worked for Bayer Corporation he began to develop lung problems. Initially Mr. Fullerton's lung problems were attributed to occupational pneumoconiosis from exposure to asbestos. But on August 2, 2006, a biopsy was done on his

1

lungs which showed no evidence of occupational pneumoconiosis. Mr. Fullerton then came under the care of James Allen, M.D., who suggested that he could be suffering from inherited idiopathic pulmonary fibrosis. Dr. Allen also noted that Mr. Fullerton had recently stopped smoking and there was significant improvement in his lung condition. Samuel Yousem, M.D., then suggested that Mr. Fullerton may have developed chronic hypersensitivity pneumonitis from TDI exposure. This suggestion was repeated by Kevin Gibson, M.D., and Mr. Fullerton applied for workers' compensation benefits for chronic hypersensitivity pneumonitis. On April 16, 2010, the claims administrator rejected the claim stating that it was untimely filed and also that there was no causal connection between Mr. Fullerton's condition and his occupation. David Rosenberg, M.D., then examined Mr. Fullerton and found that his symptoms included manifestations of rales, decreased diffusion capacity, and clubbing of the fingers which were more consistent with a diagnosis of idiopathic pulmonary fibrosis. Dr. Rosenberg found that the symptoms associated with hypersensitivity pneumonitis usually occur within four to eight hours after chemical exposure but that Mr. Fullerton had never had any immediate symptoms in response to exposure to TDI. Dr. Rosenberg found that Mr. Fullerton did not have hypersensitivity pneumonitis due to his occupation. Joseph J. Renn, M.D., then evaluated Mr. Fullerton and found that he had a significant history of cigarette smoking which supported a diagnosis of pulmonary fibrosis. On December 7, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 27, 2012, leading Mr. Fullerton to appeal.

The Office of Judges concluded that Mr. Fullerton's claim was timely filed within three years of being diagnosed with chronic hypersensitivity pneumonitis. But the Office of Judges concluded that Mr. Fullerton suffered from idiopathic pulmonary fibrosis which had no known etiology and was not related to Mr. Fullerton's occupation. The Office of Judges determined that Mr. Fullerton's symptoms were consistently attributed to pulmonary fibrosis until Dr. Gibson diagnosed him with chronic hypersensitivity pneumonitis. The Office of Judges found that his initial diagnosis was not conclusive and that his later solidified diagnosis was not supported by any objective data. The Office of Judges found that there was no evidence of significant TDI exposure which could have caused chronic hypersensitivity pneumonitis. The Office of Judges also found that Mr. Fullerton had worn a significant respirator in the presence of any chemical exposure and never had any immediate symptoms in the presence of TDI. The Office of Judges pointed out that Mr. Fullerton had a significant history of cigarette smoking starting at an early age and that his condition had improved once he ceased smoking. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Fullerton has not demonstrated that he developed a disease in the course of and resulting from his employment. West Virginia Code § 23-4-1(f) (2008). The evidence in the record consistently shows that Mr. Fullerton suffers from idiopathic pulmonary fibrosis and not from chronic hypersensitivity pneumonitis resulting from TDI exposure at work. Mr. Fullerton demonstrated that he worked in an area where TDI was present. But he did not establish that he was exposed to the chemicals and that he developed a disease because of his exposure. The evidence in the record shows that Mr. Fullerton never had any symptoms associated with chronic hypersensitivity pneumonitis while in the presence of TDI. Mr. Fullerton has not established a

direct causal connection between his current condition and his work. The record shows that Mr. Fullerton's current lung condition is not work-related but more likely attributable to several non-occupational causes such as his history of smoking.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II